UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TERRENCE BIGGS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:17-cv-01429 |
| | ) | CHIEF JUDGE CRENSHAW |
| SEAN THOMAS McKINNEY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Terrence Biggs is an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. He has filed this action pro se pursuant to 42 U.S.C. § 1983 against Sean Thomas McKinney, a former assistant public defender in Davidson County, and the Metro Davidson County Public Defender's Office, seeking damages.

The Plaintiff is currently serving a sentence for an unspecified crime. He alleges that in May, 2012, McKinney was appointed to represent him in a criminal matter. (Doc. No. 1 at 5.) During the course of the representation, Plaintiff "got scared" so he accepted a plea bargain. (Id.) The Plaintiff alleges that he only accepted the plea bargain because McKinney had failed to properly prepare a defense to the charge. (Id.) He claims that McKinney denied him the effective assistance of counsel guaranteed by the Sixth Amendment. (Id.)

The Plaintiff is attacking both the validity of his guilty plea and conviction. A challenge to the validity of any confinement or to the particulars affecting its duration are within the sole province of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750 (2004). When success in a § 1983 prisoner action would implicitly question the validity of conviction or duration of sentence,

the prisoner must first successfully pursue his state or federal habeas corpus remedies, i.e., the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

Nowhere in the complaint does it suggest that the Plaintiff has already successfully tested the validity of his guilty plea and conviction in either a state or federal court. Therefore, the Plaintiff's claims are not yet cognizable in a § 1983 action. In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE